BENJAMIN B. WAGNER
United States Attorney
BRIAN K. DELANEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:13 CR 000411 |
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE<br>TIME: |
| MARCO ANTONIO GRANDADOS AKA SERGIO, | COURT: Hon. Anthony W. Ishii |
| Defendant. | |

## I.   INTRODUCTION

### A.   Scope of Agreement

The indictment in this case charges the defendant with a violation of 21 U.S.C. Section 846 conspiracy to distribute and possess with intent to distribute methamphetamine and 21 U.S.C. 841(a)(1) possession with intent to distribute methamphetamine. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.   Court Not a Party

The Court is not a party to this plea agreement. Sentencing is a matter solely within the

PLEA AGREEMENT                             1

discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in the indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.  DEFENDANT'S OBLIGATIONS

### A.  Guilty Plea

The defendant will plead guilty to Count 1 conspiracy to distribute and possess with the intent to distribute methamphetamine in violation of 21 U.S.C. Section 846. The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C. § 3143(a)(2), and agrees that he will be remanded into custody upon the entry of his plea.

PLEA AGREEMENT                                                          2

B.  **Special Assessment**

The defendant agrees to pay a special assessment of $$100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

C.  **Agreement to Cooperate**

The defendant agrees to cooperate fully with the government and any other federal, state, or local law enforcement agency, as directed by the government. As used in this plea agreement, "cooperation" requires the defendant: (1) to respond truthfully and completely to all questions, whether in interviews, in correspondence, telephone conversations, before a grand jury, or at any trial or other court proceeding; (2) to attend all meetings, grand jury sessions, trials, and other proceedings at which the defendant's presence is requested by the government or compelled by subpoena or court order; (3) to produce voluntarily any and all documents, records, or other tangible evidence requested by the government; (4) not to participate in any criminal activity while cooperating with the government; and (5) to disclose to the government the existence and status of all money, property, or assets, of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal activities or the illegal activities of any conspirators.

D.  **Defendant's Violation of Plea Agreement or Withdrawal of Plea**

If the defendant, cooperating or not, violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. One way a cooperating defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether

the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### III.  THE GOVERNMENT'S OBLIGATIONS

A.  **Dismissals**

The government agrees to move, at the time of sentencing, to dismiss without prejudice the

remaining counts in the pending indictment. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in paragraphs III.B.3 (Cooperation), II.E (Defendant's Violation of Plea Agreement), VI.B (Guidelines Calculations), and VII.B (Waiver of Appeal) herein.

**B.  Recommendations**

    1.  Incarceration Range

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range for his offense, as determined by the Court.

    2.  Acceptance of Responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

    3.  Saftey Valve U.S.S.G. Section 5C1.2

The government agrees that if the court determines that the defendant does not have more than one criminal history point, the defendant has met all the other criteria of 18 U.S.C. Section 3553 (f) (1)-(5) and he should receive a guideline sentence without regard to any statutory minimum sentence. The government also agrees that if the defendant does not have more than one criminal history point he should also receive an additional 2 level reduction under U.S.S.G. Section 2D1.1(b)(16).

    4.  Mitigating Role

The government agrees to recommend at the time of sentencing that the defendant's should receive a two level reduction from his base offense level for his minor role in the conspiracy pursuant to U.S.S.G §3B1.2(b).

5. <u>Reduction of Sentence for Cooperation</u>

The government agrees to recommend at the time of sentencing that the defendant's sentence of imprisonment be reduced by up to 50% of the applicable guideline sentence if he provides substantial assistance to the government, pursuant to U.S.S.G. § 5K1.1. The defendant understands that he must comply with paragraph II.D (Agreement to Cooperate) and not violate this plea agreement, as set forth in paragraph II.E (Defendant's Violation of Plea Agreement) herein. The defendant understands that it is within the sole and exclusive discretion of the government to determine whether the defendant has provided substantial assistance.

The defendant understands that the government may recommend a reduction in his sentence of less than 50% or no reduction at all; depending upon the level of assistance the government determines that the defendant has provided. If the government's recommended reduction pursuant to § 5K1.1 is for a sentence below the statutory mandatory minimum, the government will also move the Court for a reduction below that minimum term, pursuant to 18 U.S.C. § 3553(e).

The defendant further understands that a motion pursuant to U.S.S.G. § 5K1.1 is only a recommendation and is not binding on the Court, that this plea agreement confers no right upon the defendant to require that the government make a § 5K1.1 motion, and that this plea agreement confers no remedy upon the defendant in the event that the government declines to make a § 5K1.1 motion. In particular, the defendant agrees not to try to file a motion to withdraw his guilty plea based on the fact that the government decides not to recommend a sentence reduction or recommends a sentence reduction less than the defendant thinks is appropriate.

If the government determines that the defendant has provided further cooperation within one year following his sentencing, the government may move for a further reduction of his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

C. **<u>Use of Information for Sentencing</u>**

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement

bars the government from defending on appeal or collateral review any sentence that the Court may impose.

Further, other than as set forth above, the government agrees that any incriminating information provided by the defendant during his cooperation will not be used in determining the applicable guideline range, pursuant to U.S.S.G. § 1B1.8., unless the information is used to respond to representations made to the Court by the defendant, or on his behalf, that contradict information provided by the defendant during his cooperation.

### IV.   ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense(s) to which the defendant is pleading guilty:

As to Count One, charging a violation of 21 U.S.C. Section 846 conspiracy to distribute and possess with intent to distribute methamphetamine:

1. beginning on or about October 1, 2013 and ending on or about October 16, 2013 there was an agreement between two or more persons to distribute and possess with intent to distribute methamphetamine, a Schedule II controlled substance; and
2. the defendant knew the agreement had an unlawful object or purpose; and
3. the defendant joined in the agreement with the intent to further its unlawful object or purpose.

The defendant fully understands the nature and elements of the crimes charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

### V.   MAXIMUM SENTENCE

**A.   Maximum Penalty**

The maximum sentence that the Court can impose is life imprisonement, a fine of $ 10,000,000, a at least a five year period of supervised release and a special assessment of $100. The charge to which defendant is pleading guilty carries a ten-year mandatory minimum sentence, absent a motion by the government for reduction pursuant to 18 U.S.C. § 3553(e). In addition, the defendant may be ineligible for certain federal and/or state assistance and/or benefits, pursuant to 21 U.S.C. § 862. By signing this

plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B. Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve at least five years of additional imprisonment.

## VI. SENTENCING DETERMINATION

### A. Statutory Authority

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a). The government is not obligated to recommend any specific sentence.

## VII. WAIVERS

### A. Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to

testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea/pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed 240 months. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in paragraph II.E (Defendant's Violation of Plea Agreement) herein.

### C. Waiver of Attorneys' Fees and Costs

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

PLEA AGREEMENT                                9

D. **Impact of Plea on Defendant's Immigration Status**

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if his is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including offense(s) to which the defendant is pleading guilty. Indeed, because defendant is pleading guilty to a drug felony, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX. APPROVALS AND SIGNATURES

A. **Defense Counsel:**

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 9 JUNE 2014

David A. Torres
Counsel for Defendant

B. **Defendant:**

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement.

PLEA AGREEMENT 10

Finally, I am satisfied with the representation of my attorney in this case.

Dated: 06/09/2014

Marco A. G.
MARCO ANTONIO GRANDADOS

AKA SERGIO, Defendant

C. **Court Certified Interpreter/Translator:**

I declare that I am a court-certified Spanish-English interpreter/translator. On David A. Torres, I read the entire contents of the foregoing plea agreement to MARCO ANTONIO GRANDADOS AKA SERGIO, translating the document from English to Spanish.

Dated: 9 JUN 14

Interpreter/Translator

I AM BILINGUAL IN SPANISH - I AM PROFICIENT IN READING AND SPEAKING IN THE SPANISH LANGUAGE

D. **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated: _____

BENJAMIN B. WAGNER
United States Attorney
/S/

BRIAN K. DELANEY
Assistant United States Attorney

PLEA AGREEMENT

11

# EXHIBIT "A"

## Factual Basis for Plea

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

From in or about October 1, 2013 and October 16, 2013 in Kern County, State of California and Eastern District of California and elsewhere, defendant Marco Antonio Grandos conspired with his cousin Luis Fernando Granados and others to distribute and possess with intent to distribute more than 30 pounds of crystal methampehetamine.

On October 15, 2013 at approximately 12:45pm, Marco Antonio Granados and Luis Fernando Granados drove to the McDonald's restaurant located at 356 Weedpatch Highway in Bakersfield, California to meet with a Confidential Reliable Informant (CRI), to negotiate a multi-pound methamphetamine deal. The CRI told law enforcement officers that during the meeting, Marco Granados negotiated with the CRI to sell approximately 30 pounds of methamphetamine for approximately $6,000 per pound. The CRI stated that during the meeting, Marco Granados and Luis Granados agreed to conduct the deal with the CRI in Kern County the following day (referring to October 16, 2013). Later that same day, the CRI informend law enforcement officers that he had received a telephone call from Marco Granados , wherein Marco told the CRI that they would be ready with the 30 pounds of methamphetamine and lowered the price per pound to $5,500. During the phone conversation, the CRI and Marco Granados agreed to meet at approximately 1100 hours on October 16, 2013 to conduct the deal.

On October 16, 2013 at approximately 12:16pm, law enforcement surveillance detectives identified a silver Toyota 4Runner, bearing California License Plate 4CKX066, arriving in the Denny's parking lot on the 2300 block of Panama Lane. Officers saw the silver Toyota 4Runner was occupied by two Hispanic males and was seen parking near the CRI's location. Officers then saw a Hispanic male subject exit the passenger side of the vehicle, who was later identified as Marco Antonio Granados, and begin meeting with the CRI. The driver, later identified as Luis Fernando Granados, exited the driver seat of the vehicle, walked to the passenger side, and met with Marco Granados and CRI and began speaking. After several minutes of negotiations, Luis Fernando Granados opened the rear passenger door to the Toyota 4Runner and manipulated items behind the rear seats and in the passenger compartment of the vehicle. Luis Granados and Marco Granados then showed the CRI the previously negotiated amount of methamphetamine located in a large brown cardboard box that was in the rear cargo area of the vehicle amongst numerous other boxes.  At this point law enforcement personnel arrived on scene and affected an arrest on Luis Granados and Marco Granados. Officers searched the Toyota 4Runner, in which 31 individually brown wrapped and "food saver" sealed packages of methamphetamine were located and seized.

Defendant Marco Antonio Granados admits that he conspired with his cousin Luis Fernando Granados and others to sell the seized methamphetamine to the CRI and that he knew and reasonably should have known that there was approximately 31 pounds of methamphetamine (actual) involved in the deal.

Dated: x 06/09/14

x *Marco A.G.*
MARCO ANTONIO GRANDADOS

AKA SERGIO, Defendant